1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11   FRANKLIN PADILLA,[1]                )   NO. CV 13-7275-SVW (AGR)
12          Petitioner,                  )
13          v.                           )
14   CDCR,                               )   ORDER TO SHOW CAUSE
15          Respondent.                  )
16                                       )
17   ─────────────────────────────────  )
18          On October 2, 2013, Petitioner filed a Petition for Writ of Habeas Corpus
19   pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the
20   one-year statute of limitations has expired.
21          The court, therefore, orders Petitioner to show cause, on or before
22   **November 7, 2013**, why the court should not recommend dismissal of the petition
23   with prejudice based on expiration of the one-year statute of limitations.
24
25
26
27   ─────────────────────
28          [1]  Petitioner lists his name on the petition as "Padilla Franklin."  His name in
     California, both in the courts and in prison, is Franklin Padilla.

# I.

## PROCEDURAL BACKGROUND

On December 14, 2010, a Los Angeles County jury convicted Petitioner of first degree murder and found a gun enhancement to be true. (Petition at 2)  The court sentenced Petitioner to 50 years to life in prison. *People v. Padilla*, 2012 WL 1036026, *1 (Cal. Ct. App. 2012).  On March 27, 2012, the California Court of Appeal affirmed the judgment. (*Id.*)  On June 13, 2012, the California Supreme Court denied review.  California's online Appellate Courts Case Information in Case No. S201745.[2]

Petitioner did not file any state habeas petitions. (Petition at 3.)

On September 22, 2013, Petitioner constructively filed the instant petition in this court in which he raises three grounds.  Petition, Proof of Service, Back of envelope.)

# II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).  Only subdivision (d)(1)(A) is relevant to this petition.

The California Supreme Court denied review on direct appeal on June 13,

---

[2] Petitioner incorrectly states that the petition for review was denied on June 18, 2012.  (Petition at 3.)

2012.  Petitioner's conviction became final 90 days later on September 11, 2012.
*See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The statute of
limitations expired on September 11, 2013.  Absent tolling, the petition is 11 days
late.

### A.    Statutory Tolling

The statute of limitations is tolled during the time "a properly filed
application for State post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Petitioner did not file any habeas petitions in California.  (Petition at 3.)
Absent equitable tolling, the petition is time-barred.

### B.    Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to
equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130
(2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he
has been pursuing his rights diligently, and (2) that some extraordinary
circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting
*Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669
(2005)).  "The diligence required for equitable tolling purposes is "reasonable
diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation
marks omitted).  The extraordinary circumstances must have been the cause of
an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this
reason only when '"extraordinary circumstances beyond a prisoner's control
make it *impossible* to file a petition on time"' and '"the extraordinary
circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'"
*Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in
original).

Petitioner does not indicate he is entitled to equitable tolling.  The petition
remains time-barred.

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.**

**ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before ***November 7, 2013***, Petitioner shall show cause why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED:  October 7, 2013

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

4