UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN PADILLA,[1]<br><br>    Petitioner,<br><br>    v.<br><br>CDCR,<br><br>    Respondent. | NO. CV 13-7275-SVW (AGR)<br><br>ORDER TO SHOW CAUSE |

       On October 2, 2013, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the one-year statute of limitations has expired.

       The court, therefore, orders Petitioner to show cause, on or before **November 7, 2013**, why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

---

[1] Petitioner lists his name on the petition as "Padilla Franklin." His name in California, both in the courts and in prison, is Franklin Padilla.

**I.**

**PROCEDURAL BACKGROUND**

On December 14, 2010, a Los Angeles County jury convicted Petitioner of first degree murder and found a gun enhancement to be true. (Petition at 2) The court sentenced Petitioner to 50 years to life in prison. *People v. Padilla*, 2012 WL 1036026, *1 (Cal. Ct. App. 2012). On March 27, 2012, the California Court of Appeal affirmed the judgment. (*Id.*) On June 13, 2012, the California Supreme Court denied review. California's online Appellate Courts Case Information in Case No. S201745.[2]

Petitioner did not file any state habeas petitions. (Petition at 3.)

On September 22, 2013, Petitioner constructively filed the instant petition in this court in which he raises three grounds. Petition, Proof of Service, Back of envelope.)

**II.**

**STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). Only subdivision (d)(1)(A) is relevant to this petition.

The California Supreme Court denied review on direct appeal on June 13,

---

[2] Petitioner incorrectly states that the petition for review was denied on June 18, 2012. (Petition at 3.)

2012. Petitioner's conviction became final 90 days later on September 11, 2012. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations expired on September 11, 2013. Absent tolling, the petition is 11 days late.

### A.  Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner did not file any habeas petitions in California. (Petition at 3.)

Absent equitable tolling, the petition is time-barred.

### B.  Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in original).

Petitioner does not indicate he is entitled to equitable tolling. The petition remains time-barred.

3

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before **November 7, 2013**, Petitioner shall show cause why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: October 7, 2013

                                                                    ALICIA G. ROSENBERG
                                                                    United States Magistrate Judge

4