UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN PADILLA,<br><br>    Petitioner,<br><br>    v.<br><br>CDCR,<br><br>    Respondent. | NO. CV 13-7275-SVW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the magistrate judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the magistrate judge.

    The petition was filed 11 days after expiration of the statute of limitations. (Report at 3.) The only issue was equitable tolling. In his response to the magistrate judge's order to show cause, Petitioner alleged he was unable to access the law library for one week in August 2013, and another 10 days in August and September 2013 because of a prison lockdown. (*Id.* at 4.) The magistrate judge found lack of diligence as Petitioner had failed to identify any

extraordinary circumstance in the preceding 11 months of the limitations period,[1] and because Petitioner failed to articulate "why he needed access to the law library" as Petitioner had raised the same three grounds on direct review he raised here. (*Id.*)

Petitioner's Objections partly address the issue of law library access in the earlier part of the limitations period. He attaches to his Objections the following requests and responses, if any, from the prison:

(1) On September 13, 2012, Petitioner asked "Mrs. T" for law library access as it had been "a long time" since he had been able to go to the law library because of a 7-month lockdown.[2] Petitioner stated it was his third request. The form has no response from the prison.

(2) On September 23, 2012, Petitioner thanked Mrs. T " for calling me. Can you please ducat me first chance again?" The form has no response from the prison.

(3) On November 27, 2012, Petitioner complained that it had "been a long time" since he had requested law library access without response. The form has no response from the prison.

(4) On December 4, 2012, Petitioner said he had a "deadline on my federal habeas" and asked for priority status. On December 10, 2012, the prison responded that priority status was available only to inmates who had a "verified court deadline within 30 days. Federal habeas is not a legal deadline."

---

[1] The one-year limitations period began on September 11, 2012, when Petitioner's conviction became final. (Report at 3.)

[2] Petitioner attaches three forms from the prison indicating that the prison was placed on "modified program." The first is dated July 15, 2013. The second is an "update" and is dated July 31, 2013. The third is an "update" and is dated August 2, 2013. During the modified program periods, access to the law library was apparently restricted to those with priority status. (Objections, Ex. 1A.) There is no indication the prison was on modified program at any other time during the limitations period.

2

    (5)  On February 1, 2013, Petitioner asked for legal citations to be sent to him "through mail" or explain how he should "get them."  On February 7, 2013, the prison responded that he would be "ducated."

    (6)  On April 16, 2013, Petitioner asked to be put "on the list" for access to the library.  On April 26, 2013, the prison responded that he would be on the "next . . . list."

(Objections, Ex. 2A.)

    Accordingly, the documents indicate Petitioner had access to the law library at a minimum during the period February through early July 2013. Petitioner fails to account for January 2013.

    More important, Petitioner fails to explain why he needed additional access to the law library to file a federal habeas petition containing the identical grounds his counsel raised on direct appeal.  The federal petition he eventually filed is very brief and does not add new material.  On page 5 of the form he lists the first two grounds.  There is a short paragraph of supporting facts for each ground on the form.  Ground 1 has a continuation page with more supporting facts that covers about a third of the page.  Ground 2's continuation is on the same page and has the end of one sentence.  (Petition at 5 & attached.)  Ground 3's supporting facts consists of one sentence on the form in which he complains that he was entitled to 962 days of custody credit.  (*Id.* at 6.)  Even though Ground 3 is not cognizable on federal habeas, the ground is moot because on direct review, the California Court of Appeal remanded the matter "to the trial court with directions to modify the abstract of judgment to state that appellant has earned 962 days of actual custody credits."  *People v. Padilla*, 2012 WL 1036026, *6 (2012).

    Petitioner is not entitled to equitable tolling as he has failed to demonstrate that extraordinary circumstances prevented him from a timely filing of his federal habeas petition.  Accordingly, the petition is time-barred.

IT IS ORDERED that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: December 30, 2013

STEPHEN V. WILSON
United States District Judge